UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL HARVEY,

Plaintiff,

v.                                          CAUSE NO. 3:21-CV-828-JD-MGG

STATE OF INDIANA, et al.,

Defendants.

OPINION AND ORDER

Michael Harvey, a prisoner without a lawyer, was ordered to show cause by

April 8, 2022, why the initial partial filing fee assessed by the court has not been paid.

(ECF 12.) Upon review of his response (ECF 14), the court will proceed to screen the

complaint. Mr. Harvey is reminded that he remains obligated to pay the full filing fee

over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it

is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. To proceed

beyond the pleading stage, a complaint must contain sufficient factual matter to "state a

claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Harvey is proceeding without

counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Harvey alleges that on September 5, 2021, he got in a fight with his cellmate while incarcerated at Miami Correctional Facility ("Miami").[1] During the fight, he was stabbed in the ear and foot and suffered a "slit eye." He claims these wounds were all visible, but Sergeant Mays (first name unknown) refused to get him any medical care after the fight, and instead put him in a holding cell in the restrictive housing unit. He claims he was left in the holding cell for two days, during which time he was in "excruciating" pain, before he was taken to the medical unit.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

---

[1] The docket reflects that Mr. Harvey has since been transferred to Westville Correctional Facility. (ECF 10.)

Giving Mr. Harvey the inferences to which he is entitled at this stage, he has plausibly alleged that he had a serious medical need after the fight, in that he suffered several stab wounds and an injury to his eye. Yet Sergeant Mays allegedly refused to take him to the medical unit for two days and instead kept him in a holding cell, during which time he suffered considerable pain. He will be permitted to proceed on a claim against Sergeant Mays for monetary damages under the Eighth Amendment.

He also names "Wexford Medical" as a defendant. Presumably he is referring to Wexford of Indiana, LLC, a private company that previously contracted to provide medical staff at Indiana prisons. However, Wexford's contract with Indiana Department of Correction terminated on July 1, 2021—prior to the events giving rise to the complaint—and it was replaced by Centurion Health ("Centurion"). *See Baldwin v. Westville Corr. Facility*, No. 3:21-CV-682-DRL-MGG, 2021 WL 5759136, at *2 (N.D. Ind. Dec. 3, 2021). Mr. Harvey does not name Centurion as a defendant or allege any wrongdoing by that company in his complaint.

Even assuming he named the right corporate entity, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Centurion cannot be held liable solely because it employs medical staff at Miami. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but Mr. Harvey does not allege the existence of an official corporate policy or custom that caused him injury. Indeed, he does not describe the care he received or plausibly allege any wrongdoing by individual medical professionals at Miami, which would preclude a claim under

*Monell. See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014) (municipal

liability requires an underlying constitutional violation). This corporate defendant will

be dismissed.[2]

He also lists "State of Indiana" in the caption, but the state is not a "person" that

can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 70 (1989). Likewise, any claim for damages against the state

would be barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d

546, 565 (7th Cir. 2019).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Mays in his personal

capacity for monetary damages for denying him medical care for two days following a

fight with his cellmate in September 2021 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Wexford Medical and State of Indiana as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the

United States Marshals Service to use any lawful means to locate and serve process on)

---

[2] To the extent the complaint can be read to allege a claim for injunctive relief related to his need for care from medical staff at Miami, any such claim would be moot since he is no longer at that facility. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). He makes no claim about the care he is receiving at his current facility, nor would such a claim be sufficiently related to a claim that a correctional officer at Miami denied him medical care for a two-day period in September 2021, so as to proceed in the same lawsuit. *Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If he has ongoing medical concerns at his current facility, he is free to file a new lawsuit, subject to the usual constraints of the Prison Litigation Reform Act.

Sergeant Mays (first name unknown) at Indiana Department of Correction and to send

him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States

Marshal Service with the full name, date of birth, and last known home address of any

defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Sergeant Mays to respond, as provided in the Federal Rules of Civil

Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been

granted leave to proceed in this screening order.

SO ORDERED on April 12, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT